IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT TOLENTINO,** | : | No. 3:19cv1363 |
| **Plaintiff** | : | |
| v. | : | (Judge Munley) |
| | : | |
| DR. XUE, et al., | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

I. **BACKGROUND**

Vincent Tolentino, a Pennsylvania state prisoner, filed a 42 U.S.C. § 1983 complaint alleging that Defendants violated his Eighth Amendment rights with regard to the medical treatment prescribed for Tolentino's post-traumatic stress disorder and other ailments. (Doc. 1). This Court previously conducted an initial screening of Tolentino's complaint and dismissed several defendants from the action for failure to state a claim. (Docs. 14, 15). The Court permitted Tolentino to file an amended complaint, and he has filed a timely supplemental complaint that clarifies some of the claims contained in his original complaint. (Doc. 17).

In his supplemental complaint, Tolentino alleges that Dr. Xue knew that Tolentino required medical treatment—in the form of a fast-acting medication—but refused to provide such medication despite knowing of a

1

risk of harm to Tolentino based upon that refusal. (Doc. 17 at 1). Tolentino further alleges that Price maintained a policy of inadequate medical staffing, which resulted in delays and a week-long failure to respond to sick call slips submitted by Tolentino. (*Id.* at 4). Tolentino also asserts that several supervisory officials failed to respond—or responded inadequately—to Tolentino's requests for assistance (*id.* at 2-3), and that Bob Lynch acted as Price's "front man to conce[a]l her unlawful acts for the unlawful policy and practice she operates." (*Id.* at 3).

## II. DISCUSSION

This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs who proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). This obligation requires that the Court dismiss a complaint if it fails to state a claim upon which relief may be granted. *Id.* § 915(e)(2)(B)(ii). To determine whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

The Court concludes that Tolentino's additional allegations are again insufficient to state a claim against Kauffman, Brumbaugh, Sisto (identified in the original complaint as Suto), or Walters (collectively "Supervisory

2

Defendants"). Although Tolentino asserts that Supervisory Defendants failed to intervene in Tolentino's medical treatment after Tolentino notified them of his medical issues, the United States Court of Appeals for the Third Circuit has repeatedly stated that "[a] non-medical prison official is not charged with deliberate indifference for withholding adequate medical care from a prisoner being treated by medical personnel 'absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'" *Brown v. Mace-Liebson*, No. 18-2205, 2019 WL 2950015, at *3 (3d Cir. July 9, 2019) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Supervisory Defendants are not medical personnel and, because Tolentino has not alleged that they "had any reason to believe that the prison doctors or their assistants were mistreating [Tolentino]," there simply is no basis to hold Supervisory Defendants liable. *Id.*

Next, Tolentino asserts that Lynch may be held liable because he acted as a "front man" for Price. (Doc. 17 at 3). However, there is no allegation that Lynch played in role in staffing at the prison, or that he had any involvement in medical treatment for prisoners. Absent such allegations, any claim against Lynch must be dismissed.

The new allegations are, however, sufficient to avoid dismissal as to claims against Xue and Price. First, the allegation that Xue knew that Tolentino needed certain treatment for an obvious medical issue but refused to provide that treatment adequately states an Eighth Amendment claim. *See Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016). (Deliberate indifference is shown where defendant "knows of a prisoner's need for medical treatment but intentionally refuses to provide it" (internal quotation marks omitted)).

Second, Tolentino alleges that Price refused to adequately staff the medical department, resulting in the failure of medical staff to respond to Tolentino's sick call requests for one week. (Doc. 17 at 4). This allegation is sufficient to state a claim for supervisory liability on the theory that Price "established and maintained a policy, practice or custom which directly caused [Tolentino's] constitutional harm." *Parkell*, 833 F.3d at 330.

## III. Conclusion

For the foregoing reasons, this Court will reinstate claims against only Xue and Price, and direct service upon Defendants.

An appropriate Order follows.

BY THE COURT:

Date: 10/2/19

s/James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**