## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT TOLENTINO,** | : | **CIVIL ACTION NO. 3:19-CV-1363** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. XUE,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Plaintiff Vincent Tolentino, a prisoner presently confined at the State
Correctional Institution at Somerset in Somerset, Pennsylvania, filed this 42 U.S.C.
§ 1983 complaint as supplemented[1] alleging that defendants violated his Eighth
Amendment rights with regard to the medical treatment prescribed for his post-
traumatic stress disorder ("PTSD") and other ailments while he was incarcerated at
the State Correctional Institution at Huntingdon ("SCI Huntingdon").  (Docs. 1, 17).
Plaintiff's claim spans several years and generally relates to prison officials either
refusing to treat him, changing his medications, or refusing to believe his professed
symptoms.  (Id.)  Defendants have filed motions to dismiss the complaint as
supplemented by the supplemental complaint, which are now ripe for disposition.

---

[1] The court initially screened the complaint pursuant to the Prisoner
Litigation Reform Act and dismissed the claims against, *inter alia*, defendants Xue
and Price for failure to state a claim upon which relief may be granted, with leave to
amend granted.  (See Docs. 14, 15).  Plaintiff filed an amended complaint that
contained supplemental allegations against defendants Xue and Price.  The court
construed the amended pleading as a supplemental complaint and determined that
it, along with the allegations of the complaint, sufficiently stated an Eighth
Amendment medical claim against defendants Xue and Price.  (See Docs. 19, 20).

(See Docs. 72, 74, 91). For the reasons that follow, the court will deny the motions to dismiss of defendants Xue, Cousins, Price, and Flasher, and grant the partial motion to dismiss of defendant Baldauf, with leave to amend granted.

## I.   **Background**

Plaintiff was diagnosed with PTSD in 2013 and prescribed Klonopin and Sinequan to treat his symptoms. (Doc. 1 at 19). Plaintiff's PTSD manifested with symptoms of extreme fear and anxiety, sleep deprivation, racing thoughts, and difficulty concentrating. (Id. at 19-20). Several times in the past, unnamed nurses dispensed the wrong medication, causing plaintiff to collapse and injure himself. (Id. at 19). Nevertheless, the prescribed medications improved plaintiff's condition until Klonopin was abruptly discontinued in 2014, which caused a consistent "downward spiral" in plaintiff's mental health. (Id.)

Around February 2018, plaintiff began to meet with defendant Dr. Xue. (Id. at 12). When plaintiff began to cry during one of those meetings, Dr. Xue offered to place plaintiff in a psychiatric observation cell and later informed a nurse that plaintiff was "playing a game to get Klonopin." (Id.)

In March 2019, Dr. Xue refused to alter plaintiff's medication regimen, and in April 2019, Dr. Xue began asking plaintiff about his criminal and educational background, which plaintiff alleges was for the purpose of falsifying plaintiff's medical records. (Id. at 13-14). In addition, plaintiff alleges that his physical shaking is a serious disease, that Dr. Xue had knowledge of this disease and knew it could only be improved by a fast-acting medication such as a benzodiazepine like Klonopin, and that plaintiff is at risk of harm if it is not treated. (Doc. 17 at 1).

According to plaintiff, Dr. Xue nevertheless refused to treat plaintiff for this disease. (<u>Id.</u>)

In May 2019, defendant Nurse Cousins adjusted plaintiff's medications and prescribed psychotropic drugs, despite plaintiff informing her that such medications had been tried in the past and had proven ineffective. (Doc. 1 at 20). Nurse Cousins also allegedly informed plaintiff that she believed he was addicted to Klonopin. (<u>Id.</u> at 21). In June 2019, plaintiff began suffering from an anxiety attack that required medication. (<u>Id.</u> at 21-22). Nurse Cousins recognized the need to treat plaintiff but stated that she did not have any fast-acting medications, which plaintiff alleges is false. Instead she prescribed different medications. (<u>Id.</u> at 22). In July 2019, Nurse Cousins again adjusted plaintiff's medications and provided a new medication that would take four to six weeks to take effect. (<u>Id.</u> at 24).

In June 2019, defendant physician assistant ("PA") Baldauf examined plaintiff and correctly identified a skin rash that had been bothering him. (<u>Id.</u> at 22). PA Baldauf explained that the rash was caused by a psychological issue but "refused to order adequate medicine to treat the underlying symptom of severe anxiety." (<u>Id.</u>) Plaintiff continued to put in sick call requests, which went unanswered. (<u>Id.</u>) Plaintiff alleges that PA Bauldauf refused to meet or treat plaintiff and began forwarding the sick call slips to Nurse Cousins. (<u>Id.</u> at 23). According to plaintiff, defendant healthcare administrator Price has a policy of inadequately staffing the medical department, causing his sick call requests to go unanswered and plaintiff to suffer helplessly for a week. (Doc. 17 at 4).

In June 2019, defendant Nurse Amanda Flasher attempted to provide plaintiff with powdered medication, but plaintiff requested pills instead. (Doc. 1 at 23). Nurse Flasher stated that she needed to speak with her supervisor and later informed plaintiff that the supervisor instructed her not to give any medication to plaintiff, thereby depriving plaintiff of his diabetes, heart burn, cholesterol, and psychiatric medications. (Id.) It was not until several hours later—after plaintiff suffered from an anxiety attack—that other prison officials provided plaintiff with his medications. (Id. at 23-24).

The court screened the complaint as supplemented by the supplemental complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and determined that plaintiff has stated Eighth Amendment medical care claims against (1) defendants Nurse Cousins, PA Baldauf, and Nurse Flasher because plaintiff alleges that those defendants deliberately refused to provide necessary medication or medical treatment to him, (see Doc. 14 at 9); (2) defendant Dr. Xue because plaintiff alleges that Dr. Xue knew that plaintiff needed treatment for an obvious medical issue but refused to provide it, (see Doc. 19 at 4); and (3) defendant Price because plaintiff alleges that she maintained a policy that resulted in the failure of the medical staff to respond to plaintiff's sick call requests for one week, (see Doc. 19 at 4).

## II.  **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

4

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[]

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.  Discussion

### A.  Defendants Xue and Cousins

Defendants Dr. Xue and Nurse Cousins have filed a motion to dismiss arguing that plaintiff cannot state an Eighth Amendment medical care claim against them.  (Doc. 91).  The court previously considered this issue during its PLRA screening[2] and determined that plaintiff has stated an Eighth Amendment medical claim against both defendants.  (See Docs. 14, 19).

As to Nurse Cousins, the court previously determined that the complaint does "adequately state a claim against Cousins" because plaintiff "alleges that [she] deliberately refused to provide necessary medication or medical treatment despite recognizing the need for such treatment.  Such actions would violate Tolentino's Eight Amendment rights."  (Doc. 14 at 9) (citing Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016))).  Likewise, as to Dr. Xue, the court found that the allegations of the complaint together with the allegations of the supplemental complaint were "sufficient to avoid dismissal as to the claims against Xue," concluding that "the allegation that Xue knew that Tolentino needed certain treatment for an obvious

---

[2] Under § 1915(e)(2)(B) of the Prisoner Litigation Reform Act, the court has an obligation to review a complaint prior to service and to dismiss a complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).

medical issue but refused to provide that treatment adequately states an Eighth Amendment claim."  (Doc. 19 at 4 (citing <u>Parkell</u>, 833 F.3d at 337)).

In reaching these conclusion, the court explicitly considered whether plaintiff can state a claim upon which relief may be granted, and employed the same standards as utilized in considering a Rule 12(b)(6) motion.  Hence, defendants Dr. Xue and Nurse Cousin's motion will be denied.

**B.   Defendants Price and Flasher**

Defendants Price and Flasher, who describe themselves as Department of Corrections defendants, first argue that some of plaintiff's claims have been misjoined under Federal Rule of Civil Procedure 20 because Dr. Xue also treated plaintiff while he was at the State Correctional Institution at Benner in addition to SCI Huntingdon, and because the allegations regarding his skin condition do not imperil his health.  (Doc. 79).

Federal Rule of Civil Procedure 20 permits the joinder of defendants in a civil action in the following circumstances:

> Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).  All of plaintiff's claims revolve around the medical treatment he did or did not receive for his PTSD and anxiety, and thus, appear to arise out of the same series of occurrences of his medical treatment.  In addition, numerous questions of law and fact will be common to all defendants in this action,

regarding the necessary and appropriate treatment of plaintiff's conditions.  And
because plaintiff alleges that his skin condition results from untreated anxiety,
that condition, at this procedural juncture, is sufficiently related to plaintiff's
medical care and treatment claims.  The court finds that plaintiff's claims have been
properly joined in the complaint as supplemented by the supplemental complaint
and will deny defendants' motion in this regard.

Defendants Price and Flasher also move to dismiss based on plaintiff's
alleged failure to state an Eighth Amendment medical care claim upon which relief
may be granted.  (Doc. 79).  As with defendants Dr. Xue and Nurse Cousins, the
court previously considered this issue and determined that plaintiff has stated an
Eighth Amendment medical claim against both defendants Price and Flasher.  (See
Docs. 14, 19).  Specifically, as to defendant Flasher, the court previously found that
the complaint does "adequately state a claim against . . . Flasher" because plaintiff
"alleges that [she] deliberately refused to provide necessary medication or medical
treatment despite recognizing the need for such treatment.  Such actions would
violate Tolentino's Eight Amendment rights."  (Doc. 14 at 9 (citing Parkell, 833 F.3d
at 337).  As to defendant Price, the court held that the complaint as supplemented
sufficiently states a claim for supervisory liability against Price based on plaintiff's
allegation that she refused to adequately staff the medical department, resulting in
the failure of medical staff to respond to Tolentino's sick call requests for one week.
(See Doc. 19 at 4.)  The court found that this allegation sufficiently alleged "a claim
of supervisory liability on the theory that Price 'established and maintained a

policy, practice or custom which directly caused [Tolentino's] constitutional harm.'" (Doc. 19 at 4 (quoting <u>Parkell</u>, 833 F.3d at 330)).

In reaching these conclusion, the court explicitly considered whether plaintiff can state a claim upon which relief may be granted and employed the same standards as utilized in considering a Rule 12(b)(6) motion.  As such, defendants Flasher and Price's motion will be denied.

### C.    Defendant Baldauf

Defendant Baldauf has filed a partial motion to dismiss, seeking to dismiss the state-law claims of intentional infliction of emotion distress and professional negligence asserted against her.  (Doc. 74).  PA Baldauf has also filed an answer to the complaint as it relates to the Eighth Amendment medical care claim, which the court previously determined should proceed.  (Doc. 76).

Under Pennsylvania law, a claim for intentional infliction of emotional distress is alleged when a person (1) by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another.  <u>Carson v. City of Phila.</u>, 574 A.2d 1184, 1187 (Pa. Commw. Ct. 1990).  Pennsylvania courts define "extreme and outrageous conduct" as conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency." <u>Hoy v. Angelone</u>, 720 A.2d 745, 754 (Pa. 1998) (quoting <u>Buczek v. First Nat'l Bank of Mifflintown</u>, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987)).

Here, plaintiff's allegations against PA Baldauf are that she denied him medicated shampoo based on the conclusion that his skin condition was psychological in nature and that she referred his sick call requests to Nurse

Cousins, who is a medical professional and has a history of treating plaintiff's psychological issues. The court can discern no extreme or outrageous conduct on PA Baldauf's part based on the allegations of the complaint and supplemental complaint, and thus will dismiss this claim without prejudice.

PA Baldauf also seeks to dismiss the state law professional negligence claim against her because plaintiff has failed to file a certificate of merit within the time for doing so under the Pennsylvania Rules of Civil Procedure. Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff to file a certificate of merit in any professional negligence action for each defendant within sixty-days of the filing of the complaint. The certificate must be signed by the party or an attorney, and certify that either

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

> (2) the claim that the defendant deviated form an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P. 1042.3(a). The rule applies to *pro se* and represented plaintiffs alike and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir.

2007) (nonprecedential) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); <u>Maruca v. Hynick</u>, No. 3:06-cv-00689, 2007 WL 675038, at *3 (M.D. Pa. Feb. 27, 2007) ("[T]he language of Rule 1042.3(a)—i.e., "or the plaintiff if not represented . . . shall file . . . a certificate of merit"—expressly requires that a *pro se* plaintiff must file a certificate of merit.").

Plaintiff first alleged the state-law professional negligence claim in the complaint filed on August 7, 2019. PA Baldauf filed her notice of intention to dismiss for failure to file certificates of merit on November 12, 2019, and, to date, plaintiff has failed to file any certificates of merit. The court will grant PA Baldauf's motion to dismiss because plaintiff has failed to file any certificates of merit much less within 60 days from the filing of the complaint.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). The dismissed state-law claims regarding professional negligence and intentional infliction of emotional distress are factually deficient, and leave to amend these claims is appropriate. The court will thus grant leave to amend in order to allow plaintiff an opportunity to file an amended complaint in conformity with this memorandum opinion.

IV.     **<u>Conclusion</u>**

For the foregoing reasons, the court will grant defendant Baldauf's partial motion to dismiss, with leave to amend granted, and deny the motions to dismiss of defendants Xue, Cousins, Price, and Flasher.  An appropriate order shall issue

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 30, 2020