IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT TOLENTINO,** | : | **CIVIL ACTION NO. 3:19-CV-1363** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **DR. XUE,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Vincent Tolentino, a Pennsylvania state prisoner incarcerated at the State Correctional Institution at Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated this civil action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, an Eighth Amendment medical care claim regarding treatment he received while incarcerated at the State Correctional Institution at Huntingdon ("SCI Huntingdon"). (Docs. 1, 17). Presently before the court is plaintiff's motion for a preliminary injunction, which the defendants have opposed and which is now ripe for disposition. (See Docs. 96, 99, 101, 103). For the reasons that follow, the court will deny the motion for preliminary injunction.

**I.    Background**

In the complaint, plaintiff alleges that he was initially prescribed Klonopin, along with other medications, to treat his post-traumatic stress disorder and anxiety in 2013 by a non-party doctor. (Doc. 1 at 19). At some point in 2014, the prescription for Klonopin was discontinued, which caused a "downward spiral" in plaintiff's mental health, despite being prescribed alternative medications to treat

his anxiety.  (Id. at 19-20).  After plaintiff was transferred to SCI Huntingdon, in or around 2018, plaintiff was denied a prescription for Klonopin by defendants Dr. Xue, Nurse Cousins, and Ms. Baldauf.  (See generally Doc. 1).  Plaintiff alleges that he needs the prescription for Klonopin as it is one of the only medications that reduces his anxiety and that defendants were deliberately indifferent to his medical needs when they refused to prescribe it.  (See id.).

In September 2019, plaintiff was transferred to SCI Somerset.  (See Doc. 16).  Despite no longer residing at SCI Huntingdon where defendants treated plaintiff, plaintiff seeks an injunction to force defendants Xue, Baldauf, Cousins, and Price to "reorder Dr. Penelope Bratton's prescription from 2013 in my medical records of 2 mg [of] Klonopin, 3 times a day to treat my anxiety."  (Doc. 96 at 1).

In support of his motion, plaintiff relies on the allegations of his complaint and generally asserts that he is suffering irreparable harm, that defendants have violated the Eighth Amendment, the balance of hardships weigh in his favor, and that the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law.  (Doc. 97).  Plaintiff has also submitted a declaration in support of his motion, in which he states that his mental health condition is worsening due to the lack of the medication Klonopin and that an injunction is necessary to restore his mental health.  (Doc. 98).

## II.  Legal Standard

The court applies a four-factor test in determining the propriety of preliminary injunctive relief.  The movant must, as a threshold matter, establish the two "most critical" factors: likelihood of success on the merits and irreparable

harm. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). Under the first factor, the movant must show that "it can win on the merits." Id. This showing must be "significantly better than negligible but not necessarily more likely than not." Id. The second factor carries a slightly enhanced burden: the movant must establish that it is "more likely than not" to suffer irreparable harm absent the requested relief. Id. Only if these "gateway factors" are satisfied may the court consider the third and fourth factors: the potential for harm to others if relief is granted, and whether the public interest favors injunctive relief. Id. at 176, 179. The court must then balance all four factors to determine, in its discretion, whether the circumstances favor injunctive relief. Id. at 179.

**III. Discussion**

The court will deny plaintiff's requested injunction because he has failed to carry his burden of demonstrating the two gateway factors necessary for further consideration of injunctive relief. A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982). It is an extraordinary remedy that places precise burdens on the moving party, such that, it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)); see also Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."). In addition, where, as here, the requested preliminary injunction "is directed not merely at preserving the status quo but . . . at providing mandatory

3

relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980).

Even more scrutiny applies in this circumstance because the plaintiff is a prisoner who seeks a mandatory injunction regarding prison conditions and against prison officials. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). With respect by injunctions sought by prisoners, that statute further provides that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

Id. § 3626(a)(2). A request for some form of mandatory, proactive injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable

4

problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (3d Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

As to the first gateway factor, plaintiff has failed to demonstrate a reasonable likelihood of success on the merits. Although, as plaintiff points out in his motion, the court has previously determined that plaintiff alleges a *prima facie* Eighth Amendment medical claim in the complaint as supplemented by the supplemental complaint, that alone is insufficient to establish this factor. Rather, plaintiff must also show a "reasonable probability" of success, and it is that which plaintiff has failed to do. Plaintiff offers no evidence other than his own declaration and complaint, which establish that, while plaintiff is not receiving the desired prescription for Klonopin, he is receiving various other medications to treat his anxiety. From the allegations of the complaint, none of the doctors or nurses who have treated plaintiff since 2014 have determined that plaintiff must receive Klonopin to treat his medical conditions. That no doctor or nurse over the past six years has determined that plaintiff needs this medication in order to treat his anxiety undermines plaintiff's likelihood of success on the merits of his Eighth Amendment claim.

In addition, the court takes judicial notice of another civil action plaintiff has filed in the United States District Court for the Western District of Pennsylvania, the judicial district in which plaintiff is currently incarcerated, where he challenged the decision of the medical department at SCI Somerset not to provide him with Klonopin, and which was dismissed as lacking merit. See Tolentino v. Smucker, No. 19-CV-184, Doc. 23 (W.D. Pa. Sept. 22, 2020). That another court has considered

5

whether the failure to provide plaintiff with a prescription for Klonopin to treat his anxiety violates the Eighth Amendment and has determined that it does not makes plaintiff's likelihood of success quite unreasonable.

Plaintiff has also failed to establish irreparable harm. Irreparable injury is established by showing that plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Irreparable injury is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).

Although plaintiff has detailed examples in his complaint where he felt that he needed Klonopin and experienced adverse consequences from his anxiety, he fails to demonstrate that he is likely to suffer irreparable injury in the near future. Specifically, all of the negative symptoms plaintiff experiences, allegedly as a result of not receiving a prescription for Klonopin, can be compensated by monetary damages. See City of Los Angeles v. Lyons, 461 U.S. 95, 111, 113 (1983) (damages were adequate remedy at law in § 1983 action concerning bodily injury from excessive force). "The availability of adequate monetary damages belies a claim of irreparable injury." Frank's GMC Truck Ctr. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988); see also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a . . . loss capable of recoupment in a proper action at law."). Here, plaintiff alleges no such injury that would result in the sort of permanent injury or

6

harm for which damages would be inadequate.  As such, plaintiff has failed to meet his burden of demonstrating irreparable harm.

Because plaintiff has failed to establish the first two gateway factors, the court will decline to consider the remaining two factors.  See Reilly, 858 F.3d at 176, 179.  Plaintiff has failed to demonstrate his right to preliminary injunctive relief, and the motion will be denied.

## IV.     Conclusion

For the foregoing reasons, the court will deny plaintiff's motion for a preliminary injunction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 30, 2020