## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT TOLENTINO,** | : | **CIVIL ACTION NO. 3:19-CV-1363** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. XUE,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case in which plaintiff alleges that he was subjected to deliberate indifference to a serious medical need in violation of the Eighth Amendment. Two defendants have moved for judgment on the pleadings. The motion will be granted, and the court will *sua sponte* dismiss the plaintiff's claims against two other defendants.

### I.  <u>Factual Background & Procedural History</u>

*Pro se* plaintiff Vincent Tolentino is a prisoner in the Pennsylvania Department of Corrections ("DOC") who is currently incarcerated in the State Correctional Institution in Somerset County, Pennsylvania ("SCI-Somerset"). At all times relevant to this case, he was incarcerated in the State Correctional Institution in Huntingdon, Pennsylvania. ("SCI-Huntingdon").

Tolentino was diagnosed with Post Traumatic Stress Disorder ("PTSD") in 2013 and prescribed Klonopin and Sinequan to treat his symptoms. (Doc. 1 at 19).[1] Tolentino's PTSD manifested with symptoms of extreme fear and anxiety, sleep deprivation, racing thoughts, and difficulty concentrating. (Id. at 19-20). Several times in the past, unnamed nurses allegedly dispensed the wrong medication, causing Tolentino to collapse and injure himself. (Id. at 19). Nevertheless, the prescribed medications improved Tolentino's condition until Klonopin was abruptly discontinued in 2014, which caused a consistent "downward spiral" in Tolentino's mental health. (Id.)

Around February 2018, Tolentino began to meet with defendant Dr. Xue. (Id. at 12). When Tolentino began to cry during one of these meetings, Xue offered to place Tolentino in a psychiatric observation cell and later allegedly informed a nurse that Tolentino was "playing a game to get Klonopin." (Id.)

In March 2019, Xue allegedly refused to alter Tolentino's medication regimen, and in April 2019, Xue began asking Tolentino about his criminal and educational background, which Tolentino alleges was for the purpose of falsifying Tolentino's medical records. (Id. at 13-14). In addition, Tolentino alleges that his physical shaking is a serious disease, that Xue had knowledge of this disease and knew it could only be improved by a fast-acting medication such as a

---

[1] The facts in this section are primarily derived from Tolentino's original complaint and are provided for background only. The court's analysis of the instant motion for judgment on the pleadings will be based on the currently operative complaint, filed on October 13, 2020.

benzodiazepine like Klonopin, and that Tolentino is at risk of harm if it is not treated. (Doc. 17 at 1). According to Tolentino, Xue nevertheless refused to treat him for this disease. (Id.)

In May 2019, defendant nurse Cousins adjusted Tolentino's medications and prescribed psychotropic drugs, despite Tolentino informing her that such medications had been tried in the past and had proven ineffective. (Doc. 1 at 20). Cousins also allegedly informed Tolentino that she believed he was addicted to Klonopin. (Id. at 21). In June 2019, Tolentino began suffering from an anxiety attack that required medication. (Id. at 21-22). Cousins recognized the need to treat Tolentino but stated that she did not have any fast-acting medications, which Tolentino alleges was false. Instead, she prescribed different medications. (Id. at 22). In July 2019, Cousins again adjusted Tolentino's medications and provided a new medication that would take four to six weeks to take effect. (Id. at 24).

In June 2019, defendant physician assistant Baldauf examined Tolentino and correctly identified a skin rash that had been bothering him. (Id. at 22). Baldauf purportedly explained that the rash was caused by a psychological issue but "refused to order adequate medicine to treat the underlying symptom of severe anxiety." (Id.) Tolentino continued to put in sick call requests, which went unanswered. (Id.) Tolentino alleges that Bauldauf refused to meet or treat him and began forwarding the sick call slips to defendant Cousins. (Id. at 23). According to Tolentino, defendant healthcare administrator Price has a policy of inadequately staffing the medical department, causing his sick call requests to go unanswered and Tolentino to suffer helplessly. (Doc. 17 at 4).

In June 2019, defendant Nurse Amanda Flasher attempted to provide Tolentino with powdered medication, but Tolentino requested pills instead. (Doc. 1 at 23). Flasher stated that she needed to speak with her supervisor and later informed Tolentino that the supervisor instructed her not to give any medication to him, thereby depriving Tolentino of his diabetes, heart burn, cholesterol, and psychiatric medications. (Id.) It was not until several hours later—after Tolentino suffered from an anxiety attack—that other prison officials provided Tolentino with his medications. (Id. at 23-24).

Tolentino initiated the present case through the filing of a complaint against Xue, Cousins, Baldauf, Flasher, Price, and several other defendants. (Id.) United States District Judge James M. Munley screened the complaint under 28 U.S.C. § 1915(e)(2)(B) on September 10, 2019, and dismissed the complaint to the extent that it was based on events that occurred prior to July 17, 2017. The court dismissed the claims against defendants Suto, Correct Care Solutions, Price, Lynch, Brumbaugh, Walters, and Kauffman for lack of personal involvement. The court dismissed the claims against defendants Xue and Conway for failure to state a claim upon which relief could be granted. The court allowed the complaint to proceed as against defendants Cousins, Baldauf, and Flasher. The court also granted plaintiff leave to file an amended complaint.

Tolentino filed an amended complaint on September 25, 2019, but the amended complaint only alleged facts pertaining to the dismissed defendants. In a memorandum and order on October 2, 2019, the court construed this filing as a supplemental complaint rather than an amended complaint, and held that the

additional allegations made in the supplemental complaint were sufficient to avoid dismissal of Tolentino's claims against defendants Xue and Price. The court reinstated the claims against those defendants, but otherwise left its original dismissal order undisturbed.

Defendants Flasher, Price, and Baldauf filed motions to dismiss on December 23, 2019. The case was reassigned to the undersigned on March 31, 2020. The court addressed the motions to dismiss on September 30, 2020. The court granted Baldauf's motion to the extent that it sought dismissal of the state law negligence and intentional infliction of emotional distress claims against him but denied the motions to dismiss in all other respects. The court granted Tolentino leave to amend his complaint to "cure the deficiencies identified in the court's memorandum opinion." The court clarified that any amended complaint was required to be "complete in all respects" and was required to stand by itself "as an adequate complaint under the Federal Rules of Civil Procedure."

Tolentino timely filed an amended complaint on October 13, 2020, which remains the operative pleading in this case. (Doc. 111). Tolentino's amended complaint contains only allegations pertaining to the claims that the court recently dismissed from the case. Defendants answered the complaint on October 27, 2020 and November 3, 2020.

On January 12, 2021, defendants Xue and Cousins moved for judgment on the pleadings and filed a brief in support of the motion on the same day. Tolentino did not timely oppose the motion for judgment on the pleadings. The court issued an order on May 18, 2021 requiring Tolentino to oppose the motion by June 1, 2021

or have it deemed unopposed.  Tolentino did not file an opposition brief.  The

motion is now ripe for disposition and deemed unopposed pursuant to Local Rule

7.6.[2]

## II.   Legal Standard

A motion for judgment on the pleadings is the procedural hybrid of a motion

to dismiss and a motion for summary judgment.  Westport Ins. Corp. v. Black, Davis

& Shue Agency, Inc., 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007).  Rule 12(c) of the

Federal Rules of Civil Procedure provides: "After the pleadings are closed—but

early enough not to delay trial—a party may move for judgment on the pleadings."

FED. R. CIV. P. 12(c).  To succeed on a Rule 12(c) motion, the movant must clearly

establish that no material issue of fact remains to be resolved and that the movant

"is entitled to judgment as a matter of law."  Sikirica v. Nationwide Ins. Co., 416

F.3d 214, 220 (3d Cir. 2005); see 5C CHARLES ALAN WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 1368 (3d ed. 2015).  A Rule 12(c) motion for judgment on

the pleadings is decided under a standard similar to a Rule 12(b)(6) motion to

dismiss.  See Zimmerman v. Corbett, 873 F.3d 414, 417 (3d Cir. 2017).  That is,

judgment on the pleadings should be granted only when, accepting as true the facts

alleged by the nonmovant and drawing "all reasonable inferences" in that party's

---

[2] The court conducted an online search using the DOC's Inmate Locator tool on August 31, 2021, which indicated that Tolentino is still housed in SCI-Somerset. The docket of this case also lists an SCI-Somerset mailing address for Tolentino, which has been his listed address since November 25, 2019.  Based on this information, the court assumes that Tolentino received copies of the motion for judgment on the pleadings, the supporting brief, and the court's order requiring a response to the motion.

favor, the movant is entitled to judgment as a matter of law.  <u>See</u> <u>id.</u> (citation omitted).

Courts must liberally construe complaints brought by *pro se* litigants.  <u>Sause v. Bauer</u>, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

## III.  <u>Discussion</u>

In their motion, moving defendants Xue and Cousins assert that they are entitled to judgment on the pleadings because Tolentino's October 13, 2020 complaint does not mention them at all.

Moving defendants are clearly correct.  The currently operative complaint in this case only contains factual allegations against defendant Baldauf.  There is no mention anywhere in the complaint of defendant Xue, and the only mention of defendant Cousins is to support Tolentino's claims against defendant Baldaulf.  (<u>See</u> Doc. 111 at 2 ("Baldauf knew Cousins refused to order necessary medicine and necessary medical treatment. . . .")).  Given the complete absence of allegations against moving defendants, we will grant their motion for judgment on the pleadings.

We will also dismiss Tolentino's claims against defendants Flasher and Price, as neither of those defendants is mentioned in the currently operative complaint.  Flasher and Price have not moved for judgment on the pleadings or any other relief, but we will dismiss the claims against them under the screening provision of 28

U.S.C. § 1915(e)(2)(B)(ii), which requires courts to review complaints brought *in forma pauperis* and dismiss them "at any time" if the court concludes that they fail to state claims for which relief may be granted.

We will, however, grant Tolentino leave to file an amended complaint to cure the deficiencies in his claims against defendants Flasher and Price.  Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Cty of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).  Leave to amend will be granted as to Tolentino's claims against Flasher and Price, but denied as to Tolentino's claims against Xue and Cousins.  Xue and Cousins are entitled to judgment as a matter of law in light of their successful motion for judgment on the pleadings.

IV.   **Conclusion**

We will grant the motion for judgment on the pleadings filed by defendants Xue and Cousins and *sua sponte* dismiss the claims against defendants Flasher and Price.  Tolentino will be granted leave to amend his claims against Flasher and Price.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 2, 2021