IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT TOLENTINO,** | : CIVIL ACTION NO. 3:19-CV-1363 |
| | : |
| Plaintiff | : (Judge Conner) |
| | : |
| v. | : |
| | : |
| **DR. XUE,** *et al.*, | : |
| | : |
| Defendants | : |

**MEMORANDUM**

This is a prisoner civil rights case in which plaintiff alleges that he was subjected to deliberate indifference to a serious medical need in violation of the Eighth Amendment. The court previously granted a motion for judgment on the pleadings filed by defendants Xue and Cousins, *sua sponte* dismissed plaintiff's claims against defendants Flasher and Price, and granted plaintiff leave to amend. Plaintiff has since filed a third amended complaint. The third amended complaint will be dismissed without prejudice against all defendants and plaintiff will be granted a final opportunity to amend his complaint.

**I. Factual Background & Procedural History**

*Pro se* plaintiff Vincent Tolentino is a prisoner in the Pennsylvania Department of Corrections ("DOC") who is currently incarcerated in the State Correctional Institution in Somerset County, Pennsylvania ("SCI-Somerset"). At all times relevant to this case, he was incarcerated in the State Correctional Institution in Huntingdon, Pennsylvania. ("SCI-Huntingdon").

Tolentino was diagnosed with Post Traumatic Stress Disorder ("PTSD") in 2013 and prescribed Klonopin and Sinequan to treat his symptoms. (Doc. 1 at 19).[1] Tolentino's PTSD manifested with symptoms of extreme fear and anxiety, sleep deprivation, racing thoughts, and difficulty concentrating. (Id. at 19-20). Several times in the past, unnamed nurses allegedly dispensed the wrong medication, causing Tolentino to collapse and injure himself. (Id. at 19). Nevertheless, the prescribed medications improved Tolentino's condition until Klonopin was abruptly discontinued in 2014, which caused a consistent "downward spiral" in Tolentino's mental health. (Id.)

Around February 2018, Tolentino began to meet with defendant Dr. Xue. (Id. at 12). When Tolentino began to cry during one of these meetings, Xue offered to place Tolentino in a psychiatric observation cell and later allegedly informed a nurse that Tolentino was "playing a game to get Klonopin." (Id.)

In March 2019, Xue allegedly refused to alter Tolentino's medication regimen, and in April 2019, Xue began asking Tolentino about his criminal and educational background, which Tolentino alleges was for the purpose of falsifying Tolentino's medical records. (Id. at 13-14). In addition, Tolentino alleges that his physical shaking is a serious disease, that Xue had knowledge of this disease and knew it could only be improved by a fast-acting medication such as a

---

[1] The facts in this section are primarily derived from Tolentino's original complaint and are provided for background only. The court's analysis of the instant motion for judgment on the pleadings will be based on the currently operative complaint, filed on October 13, 2020.

benzodiazepine like Klonopin, and that Tolentino is at risk of harm if it is not treated. (Doc. 17 at 1). According to Tolentino, Xue nevertheless refused to treat him for this disease. (Id.)

In May 2019, defendant nurse Cousins adjusted Tolentino's medications and prescribed psychotropic drugs, despite Tolentino informing her that such medications had been tried in the past and had proven ineffective. (Doc. 1 at 20). Cousins also allegedly informed Tolentino that she believed he was addicted to Klonopin. (Id. at 21). In June 2019, Tolentino began suffering from an anxiety attack that required medication. (Id. at 21-22). Cousins recognized the need to treat Tolentino but stated that she did not have any fast-acting medications, which Tolentino alleges was false. Instead, she prescribed different medications. (Id. at 22). In July 2019, Cousins again adjusted Tolentino's medications and provided a new medication that would take four to six weeks to take effect. (Id. at 24).

In June 2019, defendant physician assistant Baldauf examined Tolentino and correctly identified a skin rash that had been bothering him. (Id. at 22). Baldauf purportedly explained that the rash was caused by a psychological issue but "refused to order adequate medicine to treat the underlying symptom of severe anxiety." (Id.) Tolentino continued to put in sick call requests, which went unanswered. (Id.) Tolentino alleges that Bauldauf refused to meet or treat him and began forwarding the sick call slips to defendant Cousins. (Id. at 23). According to Tolentino, defendant healthcare administrator Price has a policy of inadequately staffing the medical department, causing his sick call requests to go unanswered and Tolentino to suffer helplessly. (Doc. 17 at 4).

3

In June 2019, defendant Nurse Amanda Flasher attempted to provide Tolentino with powdered medication, but Tolentino requested pills instead. (Doc. 1 at 23). Flasher stated that she needed to speak with her supervisor and later informed Tolentino that the supervisor instructed her not to give any medication to him, thereby depriving Tolentino of his diabetes, heart burn, cholesterol, and psychiatric medications. (Id.) It was not until several hours later—after Tolentino suffered from an anxiety attack—that other prison officials provided Tolentino with his medications. (Id. at 23-24).

Tolentino initiated the present case through the filing of a complaint against Xue, Cousins, Baldauf, Flasher, Price, and several other defendants. (Id.) United States District Judge James M. Munley screened the complaint under 28 U.S.C. § 1915(e)(2) on September 10, 2019, and dismissed the complaint to the extent that it was based on events that occurred prior to July 17, 2017. The court dismissed the claims against defendants Suto, Correct Care Solutions, Price, Lynch, Brumbaugh, Walters, and Kauffman for lack of personal involvement. The court dismissed the claims against defendants Xue and Conway for failure to state a claim upon which relief could be granted. The court allowed the complaint to proceed as against defendants Cousins, Baldauf, and Flasher. The court also granted plaintiff leave to file an amended complaint.

Tolentino filed an amended complaint on September 25, 2019, but the amended complaint only alleged facts pertaining to the dismissed defendants. In a memorandum and order on October 2, 2019, the court construed this filing as a supplemental complaint rather than an amended complaint, and held that the

additional allegations made in the supplemental complaint were sufficient to avoid dismissal of Tolentino's claims against defendants Xue and Price. The court reinstated the claims against those defendants, but otherwise left its original dismissal order undisturbed.

Defendants Flasher, Price, and Baldauf filed motions to dismiss on December 23, 2019. The case was reassigned to the undersigned on March 31, 2020. The court addressed the motions to dismiss on September 30, 2020. The court granted Baldauf's motion to the extent that it sought dismissal of the state law negligence and intentional infliction of emotional distress claims against him but denied the motions to dismiss in all other respects. The court granted Tolentino leave to amend his complaint to "cure the deficiencies identified in the court's memorandum opinion." The court clarified that any amended complaint was required to be "complete in all respects" and was required to stand by itself "as an adequate complaint under the Federal Rules of Civil Procedure."

Tolentino filed an amended complaint on October 13, 2020. The amended complaint contained only allegations pertaining to the claims that the court dismissed on September 30, 2020. Defendants Xue and Cousins moved for judgment on the pleadings, arguing that they were entitled to judgment because the amended complaint did not mention them at all.

The court granted the motion for judgment on the pleadings on September 2, 2021, concluding that defendants Xue and Cousins were entitled to judgment on the pleadings because the amended complaint only contained allegations against defendant Baldauf. For the same reason, the court *sua sponte* dismissed Tolentino's

5

claims against defendants Flasher and Price under the screening provision of 28 U.S.C. § 1915(e)(2)(B)(ii).  The court granted Tolentino leave to file a third amended complaint to cure the deficiencies identified with respect to his claims against Flasher and Price.  The court emphasized that any third amended complaint needed to be "complete in all respects" and needed to stand by itself "as an adequate complaint under the Federal Rules of Civil Procedure."

Tolentino filed a third amended complaint on September 23, 2021.  The third amended complaint contains only two allegations, which state, in their entirety:

1. Price had a[n] inadequate medical policy and I have request slips stating where she knew I was experiencing psychological torture at Cousins's hands and she did nothing.  She failed her constitutional duty to help me.

2. As did Ms. Flasher.  She purposely refused to give me my medicine causing me [to have] a[n] anxiety attack and [illegible] as I begged for medicine.

## II.  **Legal Standard**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), federal courts are required to review complaints brought *in forma pauperis* and dismiss them "at any time" if the court concludes that they fail to state claims for which relief may be granted.

To determine whether a complaint states a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court applies the same standard of review as it would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Shorter v. United States, __ F. 4th __, No. 20-2554, 2021 WL 3891552, at *1 n.1, 3 (3d Cir. Sept. 1, 2021); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  The court must "accept all factual allegations as true, construe the

complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Tolentino's third amended complaint fails to state a claim upon which relief may be granted. His third amended complaint again fails to follow the court's instructions that an amended complaint must be "complete in all respects" and stand by itself "as an adequate complaint under the Federal Rules of Civil Procedure." The third amended complaint contains no well-pleaded factual allegations that are entitled to the assumption of truth: the only allegations in the complaint are the legal conclusions that Price had an "inadequate medical policy" and "did nothing" to prevent Cousins's "psychological torture"; that Flasher purposely refused to give Tolentino medicine; and that both defendants "failed" their constitutional duties to Tolentino. When these legal conclusions are disregarded, the complaint contains no allegations at all to support Tolentino's claims. Accordingly, we will dismiss the third amended complaint for failure to state a claim upon which relief may be granted as to all remaining defendants.

The court will grant plaintiff a final opportunity to amend his complaint. The court emphasizes that any amended complaint must be a new pleading that stands by itself as an adequate complaint under the Federal Rules of Civil Procedure without reference to any of the previous complaints in this case. The court will not grant additional leave to amend. Failure to file an amended complaint that stands by itself as an adequate complaint will result in the dismissal of this case with prejudice.

## IV. Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and grant plaintiff a final opportunity to amend his complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    September 28, 2021